JOHN MCCORMICK *vs.* FRANCIS M. WARREN ET AL.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., HAMERSLEY, HALL, PRENTICE and GEORGE W. WHEELER, Js.

In an action by the indorsee against the maker of a promissory note, the defendant sought to compel the plaintiff and another, who was cited in as a codefendant, to interplead and set forth their claims, not to such note, but to the original indebtedness in discharge of which the note was given. The plaintiff consented that the third person, who claimed to have factorized the original debt, should be cited in as a codefendant, and that an order of interpleader might be passed, but made no claim to such debt, insisting that it had ceased to exist prior to its alleged attachment. *Held:*—

1. That under these circumstances the main issues presented by the pleadings were : first, whether the original indebtedness was outstanding when it was claimed by the codefendant to have been attached; and second, whether the plaintiff was the *bona fide* indorsee for value, before maturity, of the note in suit.

2. That the plaintiff, by consenting to the course actually taken by the parties, had not lost his right to recover upon the note.

The trial court found, in effect, that the attaching creditor and codefendant took nothing by its garnishee process against the principal defendant. *Held* that while the principal defendant was not entitled, upon the facts found, to a judgment as in case of interpleader—the case as presented and tried not being one of interpleader—the trial court might properly have restrained the codefendant from further legal proceedings against the principal defendant as garnishee, although it could not be said as matter of law that in failing so to do the court erred.

Argued October 8th—decided December 20th, 1901.

ACTION by an indorsee to recover the amount of a promissory note, brought to the Court of Common Pleas in

Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the plaintiff, and appeal by each of the defendants for alleged errors in the rulings and findings of the court. *No error.*

The complaint alleged, in substance, that the plaintiff was the owner of an unpaid note for $252, dated June 26th, 1896, made by the defendant Warren, payable to the order of Short and Milburn three months after date, and indorsed for value before maturity by said payees to the plaintiff.

In his answer Warren denied these allegations, and by way of further defense and cross-complaint set up, in substance, the following facts: When said note was given to Short and Milburn, Warren owed the Collins Manufacturing Company, a Michigan corporation, $252; Short and Milburn were then the agents of said corporation, and they represented to Warren that they were authorized by it to give him a discharge from said debt, if he would give them said note; thereupon he gave them said note and they gave him as such agents a discharge; that they had no authority to do this, that said debt had not been discharged, and said note was wholly without consideration, all of which plaintiff well knew when he took the said note.

The plaintiff denied the allegations made by the C. Cowles and Company, which was cited in as a codefendant and made a claim by way of interpleader, and alleged that he was the *bona fide* indorsee of the note in suit, for value, before maturity. This was all the claim he filed under the order to interplead. The Cowles Company replied by denying that the plaintiff was such *bona fide* indorsee for value. No answer of any kind seems to have been made to the cross-complaint by anybody. In his reply to the answer of Warren, the plaintiff in effect denied all the allegations of the answer. It was upon those pleadings that the case was tried.

The material facts found were in substance these: In 1896 Warren, through Short and Milburn as agents of the Collins Company, ordered certain goods from said company at the agreed price of $287. When the goods were offered for delivery, Warren refused to receive them unless a reduction

should be made from the price, because the goods were not as ordered; and he notified the company of this in June, 1896, by letter. This letter the Collins Company at once sent to Short and Milburn, with another letter directing them to dispose of the goods as best they could. At this time the Collins Company was indebted to Short and Milburn in an amount largely in excess of the price of said goods. On the 27th of June, 1896, Short and Milburn wrote to the Collins Company directing it to charge the Warren account to them, and saying that they would dispose of the goods. It did not appear that the Collins Company replied to this letter, but it charged the goods upon its books to Short and Milburn under date of July 6th, 1896. Short and Milburn had heard on June 27th, 1896, that the Collins Company were in failing circumstances, " and there was testimony that some time subsequent thereto the company either failed or passed into a receiver's hands. There was no proof, and no attempt to prove, as to when this change in the company's affairs took place, or what the change in fact was." On the 26th of June, 1896, an agent of Short and Milburn's made a settlement with Warren, in which Warren agreed to take the goods at the price of $252. Warren then gave to said agent a note for said price in all respects like the note in suit, except that it was payable to the Collins Company. The agent sent this note to Short and Milburn, and they at once sent it back to Warren, asking him to make a note payable to them instead of to the Collins Company, and Warren then made out and sent to them the note in suit. Short and Milburn, before the maturity of the note, in good faith and for a valuable consideration, indorsed it to the plaintiff, and he has since remained the *bona fide* owner and holder of said note. The note was duly presented for payment, but was not paid and is still due.

On the 27th of July, 1896, the Cowles Company sued the Collins Company in this State and made Warren a garnishee in said suit. Subsequently the Cowles Company obtained judgment in that suit, took all the steps necessary to fix the liability of Warren as garnishee, and is now prosecuting against

him an action of *scire facias* founded upon said prior proceedings. Pursuant to statute, notice was given to the plaintiff to appear and defend in said *scire facias* suit, and in consideration of his not being obliged to do so he consented that the Cowles Company should be cited in in the present action and that an order of interpleader should be made, and this was done as hereinbefore stated.

When the case was reached for trial and the attention of plaintiff's counsel was called to the fact that he had filed no statement of claim under the order of interpleader, he replied, " that he supposed the allegations of his complaint, together with his reply to the statements of the two defendants, was a sufficient compliance with the order." The defendants " waived any question as to the sufficiency of the pleadings, as they stood, to raise all the issue involved between the parties," and the trial proceeded.

Upon these facts the plaintiff claimed judgment for the amount of the note, with interest from maturity. Both defendants made this claim : " That the plaintiff having consented to interplead with Cowles and Company, and the court having ordered the interpleader, the only question before the court was which party was entitled to the indebtedness admitted by said Warren to have been due to said Collins Manufacturing Company."

The defendant Warren made these further claims : (1) " That whether the plaintiff had or had not purchased the note in question for value and without notice of any defect, he could not recover in this action, unless the facts were so that defendant Warren could be thereby discharged from all liability to said Cowles and Company. (2) That judgment should not be rendered for the plaintiff, unless Warren was protected thereby from any claim by said Cowles and Company arising out of said indebtedness to the Collins Manufacturing Company. (3) That as said note was shown to have been obtained by fraud and misrepresentation, plaintiff could recover from defendant Warren only upon showing that said Short and Milburn were insolvent, and that the note could not be collected from them by the plaintiff."

Cowles and Company claimed judgment against Warren for $252.

Upon the facts found the court rendered judgment for the plaintiff to recover $252 of said Warren, and his costs.

The reasons of appeal are based upon the refusal of the court to rule as requested, and its action in rendering judgment for the plaintiff, without more.

Both defendants also appealed for the refusal of the court to correct the record as requested in certain particulars.

*Henry G. Newton,* for the appellant (defendant Francis M. Warren).

*Dwight W. Tuttle,* for the appellant (defendant C. Cowles & Company).

*Joseph P. Tuttle,* for the appellee (plaintiff).

TORRANCE, C. J.   We have carefully examined that part of the record relating to the action of the trial court in refusing to correct the finding, and are of opinion that the court did not err in such refusal, and that the record as made must stand.

The note sued upon is a negotiable note made by Warren and indorsed to the plaintiff for value before maturity by the payees.   The plaintiff is the *bona fide* holder and owner of that unpaid note.   Upon these facts, standing alone, it is clear that Warren has no defense to the note, and that the plaintiff is entitled to judgment thereon as against him; and this, whether Warren does or does not still owe the debt for which the note was given.

But the defendants claim that the plaintiff, having consented to interplead with the Cowles Company as to the ownership of the debt, and the court having ordered such interpleader, the plaintiff has in some manner waived or lost his right to recover upon the note.   This claim is without foundation.   It is true the plaintiff consented that the Cowles Company should be made a codefendant under the cross-com-

plaint, and that the order to interplead as to the ownership of a debt alleged by the Cowles Company and Warren to be due to the Collins Company from Warren, should be passed; but the plaintiff did not in fact interplead with the Cowles Company as to the ownership of such debt, nor did the court compel him to do so. He made no claim to any debt which the Cowles Company claimed to have attached; indeed he denied that it had attached any debt, because, as he alleged, the debt sought to be attached had ceased to exist prior to the attachment. He denied all the facts set up in the answer of Warren and in the claim of the Cowles Company. He does not appear on the record to have formally denied the allegations of the cross-complaint, but as these were the same as those of the answer, the parties must have understood that he in effect denied the allegations of the cross-complaint in denying those of the answer, and the trial was evidently had upon such understanding. From first to last, in his pleadings and upon the trial, the plaintiff stood upon his rights as the indorsee for value, before maturity, of the note in suit, and nowhere makes any claim to any debt to which the Cowles Company laid claim by virtue of its attachment.

Looking at the interpleader proceedings in this case, and the agreements of all concerned with reference thereto, we think the parties must be regarded as having agreed to try the two principal questions presented by those pleadings, namely: (1) Whether Warren owed any debt to the Collins Company when the Cowles Company attachment was served on him. (2) Whether the plaintiff was the *bona fide* indorsee for value, before maturity, of the note in question. These were the main issues presented by the pleadings in the case. The facts found show that the plaintiff was such indorsee, and that no such debt existed when the attachment in question was made. Under the circumstances disclosed by the record we do not think the plaintiff waived or lost his right to recover upon the note.

The court has found, in effect, that the Cowles Company took nothing by its garnishee process against Warren, and that consequently its *scire facias* proceedings against him

McCormick v. Warren et al.

are without foundation. It thus appears that it has no interest whatever in the judgment that was rendered in this case, and cannot be harmed by it or be heard to object to it.

As between the plaintiff and Warren, the judgment was justified by the facts, and is correct as far as it goes. Warren claims that the court should have gone further; that he was either entitled to a judgment as in case of interpleader, or at least to one which would protect him as against the claims of the Cowles Company. The case, as presented to the court by the pleadings, and as tried, was not one of interpleader, and Warren was not entitled upon the facts found to a judgment as in case of interpleader; but there may be a question whether the court should not have rendered judgment in his favor against the Cowles Company, to the extent at least of restraining said company by injunction from further legal proceedings to enforce the collection of the debt which it claims to have attached in his hands. Upon the record in this case we think the court had the power to render such a judgment, and that upon the facts found it would have been justified in so doing. On the other hand, the rendition of such a judgment was a matter very largely within the discretion of the trial court, and there may have been good reasons why it did not render such a judgment. Under the circumstances we cannot say as matter of law that the trial court erred in not doing so.

There is no error.

In this opinion the other judges concurred.